CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2018 FEB 15 AM 8:45

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ERIC GENE WILLIAMS,<br>Institutional ID No. 205836,<br><br>    Plaintiff,<br><br>v.<br><br>LUBBOCK COUNTY SHERRIF'S OFFICE,<br><br>    Defendant. | CIVIL ACTION NO.<br>5:17-CV-226-BQ<br>ECF |

## REPORT AND RECOMMENDATION

### I.    Background

Pro se Plaintiff Eric Gene Williams filed this civil rights action *in forma pauperis* on September 27, 2017, alleging the Lubbock County Sheriff's Office violated his constitutional rights. The United States District Court reassigned the case on October 3, 2017, to the undersigned United States Magistrate Judge for preliminary screening under 28 U.S.C. §§ 1915 and 1915A. ECF No. 6. Before reassigning the case, the district court issued a PLRA Filing Fee Order granting Williams's request to proceed *in forma pauperis* (IFP), which advised Williams of his obligation to "promptly notify the Court of any change in address . . . [and that his] [f]ailure to file such a notice may result in this case being dismissed for want of prosecution." ECF No. 5, at 2 ¶ 8 (dated October 3, 2017). Williams received a similar admonishment when he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 3, at 1 ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

On October 4, 2017, the court commenced its initial screening of Williams's Complaint. The court mailed Williams a notice of availability of the magistrate judge to exercise jurisdiction

1

and a copy of the order seeking authenticated records from the Lubbock County Detention Center (LCDC).[1] *See* ECF Nos. 7, 8. LCDC returned both orders as undeliverable to the Clerk of Court on October 9 and 10, 2017, because Williams had been released from LCDC custody. ECF Nos. 9, 10. LCDC further notified the court on October 10 that Williams had been released from its custody on September 29, 2017, "to the Polk County, Arkansas." ECF No. 11.

Williams did not provide an updated address in Arkansas, or any other location, to the Clerk of Court, as required by the district court's instructions and PLRA Filing Fee Order. *See* ECF No. 3, at 1 ¶ 2; ECF No. 5, at 2 ¶ 5. Despite Williams's failure to update his current address, however, the court ordered the Clerk to update Williams's address to 111 North Street, Cove, AR, 71937—the address Williams provided in his Complaint. *See* ECF No. 1, at 3 ("Name and address of plaintiff: Eric G. Williams 111 North Street Cove ar [sic] 71937");[2] ECF No. 12 (ordering Clerk to update Williams's address). That same order also required the Clerk to re-mail document numbers 7 and 8 to the foregoing address. ECF No. 12.

On December 6, 2017, the court entered an order requiring Williams to complete and return a Questionnaire and Declaration in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976) within thirty days from the date of the order. ECF No. 13. The Clerk of Court mailed the Questionnaire the same day to the address Williams provided in his Complaint. *See* "Clerk's Notice of Delivery," dated December 6, 2017. In its order to complete the questionnaire, the court specifically admonished Williams that his failure to respond to the

---

[1] Williams names the Lubbock County Sheriff's Office as the sole Defendant, but his claims surround events that allegedly occurred during his detention at LCDC. *See* Compl., at 3–4. LCDC is operated by the Lubbock County Sheriff's Office. *See Detention Center*, Lubbock Cty. Sheriff's Office, http://www.lubbocksheriff.com/jail/detention (last visited Feb. 9, 2018).

[2] On the first page of Williams's Complaint, he lists his place of confinement as "L.C.S.O." Compl., at 1. Likewise, the envelope in which Williams's mailed his Complaint lists his return address as "Lubbock County Jail, P.O. Box 10535, Lubbock, TX 79408-3535)." Compl., at 14. Thus, the Clerk originally listed Williams's address as the LCDC address.

2

questionnaire could result in the dismissal of his Complaint. ECF No. 13, at 2. Neither document numbers 7 and 8, nor the court's questionnaire, have been returned to the Clerk as undeliverable.[3] Yet Williams has not completed and returned the court's questionnaire, nor has he communicated with the court in any way since September 27, 2017—the day he filed his Complaint and motion for leave to proceed IFP. *See* ECF Nos. 1, 2.

## II. <u>Involuntary Dismissal</u>

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to sua sponte dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

As noted above, the court commenced its initial screening of Williams's Complaint by ordering the production of authenticated records from LCDC, which the court received on October 31, 2017. Thereafter, the court mailed Williams a questionnaire to obtain additional information about the factual basis of his Complaint. But Williams has not returned the questionnaire—which the Clerk mailed over two months ago—despite a warning that his failure to do so could result in the dismissal of the case. The court's ability to obtain additional information about the factual

---

[3] There is some evidence in the record suggesting that Williams is in custody in Polk County, Arkansas. Williams, however, has not updated his address to an institution in Arkansas, and the documents the court mailed to his current address on file with the court have not been returned as undeliverable. As a result, even assuming Williams no longer resides at the address he previously provided, his failure to update his address with the court also provides suitable grounds for dismissal. *See, e.g., Coleman v. Hale Cty. Jail*, No. 5:03-CV-310-C, 2004 WL 530440, at *1 (N.D. Tex. Mar. 17, 2004) (dismissing complaint without prejudice for want of prosecution where prisoner filed no change of address and failed to appear for *Spears* hearing following release).

basis of Williams's suit is thwarted by his failure to return the questionnaire. In this posture, the court can only conclude that Williams no longer wishes to pursue his claims.

This court has previously dismissed other prisoner's claims for failing to return the court's questionnaires. *See, e.g., Garcia v. Giles W. Dalby's CF, et al.*, No. 5:15-CV-040-BG, slip. op. at 1 (N.D. Tex. Nov. 4, 2015), *R & R adopted by* No. 5:15-CV-040-C (N.D. Tex. Dec. 3, 2015) (recommending dismissal of complaint without prejudice for failure to return questionnaire); *see also Swaissi v. Nichols*, No. 3:01-CV-2405-L, 2002 WL 1477429, at *1 (N.D. Tex. June 18, 2002), *R & R adopted by* 2002 WL 1477429 (N.D. Tex. July 5, 2002) (recommending dismissal of case without prejudice where inmate did not timely respond to court's questionnaire, even after he updated address). Because Williams has not returned the court's questionnaire, and Williams has wholly failed to communicate with the court in any way since September 27, 2017, this case should be dismissed for want of prosecution.

### III.  Recommendation

Williams has not consented to proceed before the undersigned magistrate judge. The undersigned therefore enters this Report pursuant to the order of transfer, and recommends that the United States District Court dismiss William's Complaint without prejudice for want of prosecution in accordance with Federal Rule of Civil Procedure 41(b).

### IV.  Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: February 15, 2018

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE